# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TRAVIS LOUIS GRIMES,

        Defendant-Appellant.

UNPUBLISHED
September 27, 2016

No. 327489
Wayne Circuit Court
LC No. 14-008337-FC

Before: BORRELLO, P.J., and MARKEY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree premeditated murder, MCL 750.316, and possession of a firearm during the commission of a felony ("felony-firearm"), second offense, MCL 750.227b. He was sentenced to life imprisonment without parole for his first-degree murder conviction and five years' imprisonment for his felony-firearm conviction. We affirm.

## I. FACTUAL BACKGROUND

This matter arises out of a dispute between Marquis Crooks, defendant, and Starleshay Ballard (defendant's girlfriend), which resulted in Marquis's death on September 9, 2014. A number of Marquis' family members and friends witnessed the events leading up to the murder, including his two sisters, Latrice Clark and Kristina Clark; his brother, Julius Crooks; and two of his friends, Carmela Allen and Ramon Ford. Ballard's daughter was also present during the incident.

Although the eyewitnesses provided slightly varying descriptions of the events, it was generally agreed that defendant and Marquis got into a heated argument on September 8, 2014. The next day, Marquis, Julius, Kristina, Ballard, and Ballard's daughter were involved in a confrontation related to the previous argument. It was undisputed that defendant stepped out of his house during the confrontation and shot Marquis, causing his death.

The key facts in dispute at trial, however, were (1) whether Marquis was armed with a rifle at the time that he was shot and (2) who instigated the September 9, 2014 confrontation. Marquis' friends and family members all testified that he was not armed during the incident, but Ballard and defendant testified that Marquis was armed with a rifle and that he pointed it toward them just before the shooting. Allen, Ford, and Julius asserted that Ballard began shouting at

-1-

Marquis before the shooting, without any justification, while Ballard testified that a group of eight people, including Marquis, surrounded her and wanted to fight.

## II. RIGHT TO PRESENT A DEFENSE

On appeal, defendant claims that his constitutional right to present a defense was violated when the trial court made statements during the trial that had the effect of excluding testimony from Ballard's daughter based on the fact that she was not present in court on the day that the prosecution concluded its case-in-chief. We disagree.

### A. STANDARD OF REVIEW

Because defendant failed to preserve this claim by objecting to the trial court's statements that allegedly violated his right to present a defense, this issue is unpreserved and reviewed for plain error affecting substantial rights. See *People v Bosca*, 310 Mich App 1, 46; 871 NW2d 307 (2015); *People v Coy*, 258 Mich App 1, 12; 669 NW2d 831 (2003), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). A defendant must show that (1) an error occurred, (2) the error was clear or obvious, and (3) "the plain error affected [the defendant's] substantial rights," which "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Carines*, 460 Mich at 763. Even if a defendant establishes a plain error that affected his substantial rights, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763-764 (quotation marks and citation omitted; second alteration in original).

### B. ANALYSIS

Before trial, the defense served subpoenas on both Ballard and her daughter. Then, after the prosecution concluded its case-in-chief, defense counsel notified the trial court that Ballard's daughter was not present in court that day and that he believed, based on his conversation with Ballard, that she did not want her daughter to testify. Subsequently, the trial court had the following discussion with defense counsel and Ballard, which defendant identifies as the basis of his claim on appeal:

> *The Court:* You are desirous of giving testimony?
>
> *Ms. Ballard:* Yes, sir.
>
> *The Court:* Okay, very good. And your daughter has as well been requested to give testimony on behalf of [defendant]. Are you prepared to produce her to give testimony?
>
> *Ms. Ballard:* Not today. She's in school. I brought her the other day. Today I was told that I only needed to be here.
>
> *The Court:* Today is it. Today is it. Okay, very good. [Defense counsel], who do you wish to call first, your client or Ms. Ballard?

[*Defense Counsel*]: Ms. Ballard.

From this exchange, defendant derives the following argument with regard to how the trial "court's comments . . . effectively denied defendant the opportunity to present the daughter as a witness":

> It was clear the court was concerned with moving the case along, forcing [the] defense to present the witnesses that were present and strongly implying [that the] defense would not be permitted to call any other witnesses who were not present. It was clear from the court's position that since [Ballard's daughter] was not present on that day, it was not going to provide the defense the opportunity to have her testify. At the end of the day, defendant was forced to rest without presenting to the jury any further evidence to support his position.

Defendant claims that this purported error was not harmless because testimony provided by Ballard's daughter would have corroborated his defense theory, *i.e.*, that he shot Marquis in self-defense or in defense of Ballard and her daughter.

"There is no doubt that . . . the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012) (quotation marks and citation omitted). This guarantee includes a defendant's right to call witnesses in support of his or her defense. *People v Daniels*, 311 Mich App 257, 265; 874 NW2d 732 (2015). However, the record provides no support for defendant's claim that the trial court violated his rights. Most significantly, defendant did not request an adjournment or a continuance in order to secure the presence of Ballard's daughter, or otherwise request the presentation of testimony from Ballard's daughter during the trial. As a result, the trial court made no ruling related to her testimony. In the absence of a ruling by the lower court, this Court has nothing to review on appeal. *People v Buie*, 491 Mich 294, 311; 817 NW2d 33 (2012). Accordingly, we find no basis for concluding that the trial court violated defendant's constitutional right to call witnesses.

To the extent that defendant's argument may be understood as contending that the trial court effectively denied him the opportunity to seek an adjournment or continuance in order to present Ballard's daughter as a witness, we reject defendant's claim, as there is nothing in the record to support such a contention. A defendant's right to present a defense "is not absolute," and "[a] defendant must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Daniels*, 311 Mich App at 265 (quotation marks and citation omitted).

"MCR 2.503 is the established rule of procedure that governs adjournments, particularly to secure the testimony of a witness." *Id*. MCR 2.503 provides, in relevant part:

(B) Motion or Stipulation for Adjournment.

(1) Unless the court allows otherwise, a request for an adjournment must be by motion or stipulation made in writing or orally in open court based on good cause.

\* \* \*

-3-

(C) Absence of Witness or Evidence.

(1) A motion to adjourn a proceeding because of the unavailability of a witness or evidence must be made as soon as possible after ascertaining the facts.

(2) An adjournment may be granted on the ground of unavailability of a witness or evidence only if the court finds that the evidence is material and that diligent efforts have been made to produce the witness or evidence.

Thus, under MCR 2.503(C),

to invoke the trial court's discretion to grant a continuance or adjournment, a defendant must show both good cause and diligence. "Good cause" factors include "whether defendant (1) asserted a constitutional right, (2) had a legitimate reason for asserting the right, (3) had been negligent, and (4) had requested previous adjournments." Even with good cause and due diligence, the trial court's denial of a request for an adjournment or continuance is not grounds for reversal unless the defendant demonstrates prejudice as a result of the abuse of discretion. [*People v Coy*, 258 Mich App 1, 18-19; 669 NW2d 831 (2003) (citations omitted).[1]]

Defendant never requested an adjournment or a continuance in accordance with MCR 2.503(B)(1), and the defense rested its case without any indication that it still wished to call Ballard's daughter as a witness. Further, defendant made no attempt in the trial court, and he makes no attempt on appeal, to demonstrate good cause for an adjournment or due diligence in attempting to secure her presence, and the record undermines such a showing. See MCR 2.503(C)(2); *Coy*, 258 Mich App at 18-19. It is clear that defendant was well aware that testimony from Ballard's daughter could have been valuable to the defense, as he had first-hand knowledge that she was an eyewitness to the shooting and the events surrounding it. He was in regular contact with Ballard, speaking to her by phone numerous times during his pretrial incarceration. However, he failed to take steps to ensure that Ballard's daughter would be available to testify at trial, even after he was put on notice at the April 3, 2015 final conference that Ballard had initially refused service of a subpoena and may not produce her daughter at the trial, and the trial court specifically advised defendant to get in touch with Ballard and her daughter if he wished to secure their presence at trial.

Moreover, even if we assume, arguendo, that the trial court's statements amounted to a refusal to allow the defense to call Ballard's daughter as a witness because of her absence, such a refusal would not have violated defendant's constitutional right to present a defense. As mentioned above, defendant relied on a theory of self-defense and defense of others at trial. In support of this defense, he testified regarding the actions of Marquis and his family and alleged

---

[1] See also MCL 768.2 ("No adjournments, continuances or delays of criminal causes shall be granted by any court except for good cause shown in the manner provided by law for adjournments, continuances and delays in the trial of civil causes in courts of record[.]").

that he only shot Marquis in order to protect himself, Ballard, and Ballard's daughter. Ballard also provided testimony concerning the circumstances leading up to the shooting that supported defendant's theory of self-defense and defense of others. Because defendant was, in fact, able to present other evidence that supported his defense theory, his constitutional rights were not violated. See *People v Mesik (On Reconsideration)*, 285 Mich App 535, 537-538; 775 NW2d 857 (2009); *People v Herndon*, 246 Mich App 371, 411; 633 NW2d 376 (2001). Additionally, although defendant speculates on appeal that testimony from Ballard's daughter would have bolstered his defense, there is simply no evidence in the record that Ballard's daughter would have corroborated his version of the events if she had testified at trial.

Defendant has failed to demonstrate that the trial court erred, that the trial court's alleged error affected the outcome of the trial, and, therefore, that the trial court committed a plain error affecting his substantial rights. See *Carines*, 460 Mich at 763-764.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

In conjunction with his first claim, defendant argues that defense counsel provided ineffective assistance when he rested his case at the conclusion of defendant's testimony instead of requesting a continuance or adjournment of the trial so that Ballard's daughter could be produced the following day. We disagree.

## A. STANDARD OF REVIEW AND APPLICABLE LAW

Because defendant did not move for a new trial or a *Ginther*[2] hearing in the trial court, our review is limited to mistakes apparent from the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009); *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Petri*, 279 Mich App at 410, citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

The United States and Michigan Constitutions guarantee a criminal defendant's right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. In order to prove that defense counsel provided ineffective assistance, a defendant must demonstrate that (1) " 'counsel's representation fell below an objective standard of reasonableness,' " and (2) defendant was prejudiced, *i.e.*, " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669-671; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001), quoting *Strickland*, 446 US at 694. "A defendant must also show that the result that did occur was fundamentally unfair or unreliable." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012).

---

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

"Effective assistance of counsel is presumed," and a defendant bears a heavy burden of proving otherwise. *Petri*, 279 Mich App at 410. The defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *Carbin*, 463 Mich at 600.

## B. ANALYSIS

Generally, "[d]ecisions regarding whether to call or question witnesses are presumed to be matters of trial strategy. [T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (quotation marks and citations omitted; second alteration in original). As discussed above, defendant had the opportunity to present evidence that, if believed by the jury, substantiated his defense theory. Thus, defense counsel's decision to rest his case, as well as his related failure to request an adjournment or continuance in order to call Ballard's daughter as a witness, appears to have been part of his trial strategy and does not constitute ineffective assistance of counsel.

Likewise, defendant has failed to establish prejudice. See *Vaughn*, 491 Mich at 669-671. As previously mentioned, defendant provides no argument on appeal that there was a reasonable probability that the trial court would have granted an adjournment or a continuance in accordance with MCR 2.503(C). See also *Coy*, 258 Mich App at 18-19. Most significantly, there is nothing in the record showing that the defense made diligent efforts to produce Ballard's daughter, see MCR 2.503(C)(2), or contradicting the significant likelihood that defense negligence played a part in her absence, see *Coy*, 258 Mich App at 18 (listing " 'good cause' factors").[3]

Furthermore, it is not apparent that it would have been necessary for defense counsel to request an adjournment or a continuance in order to present testimony from Ballard's daughter the following day. The court concluded the trial proceedings at 3:59 p.m. on April 13, 2015, and at 3:40 p.m. on April 14, 2015, and defendant concluded his testimony at approximately the same time on April 15, 2015. When defendant left the stand, the trial court instructed defense counsel to call his next witness, but defense counsel decided to rest his case. Given the trial court's usual end time for the trial proceedings, it appears unlikely that a formal adjournment or continuance would have been required in order for the defense to present testimony from additional witnesses, including Ballad's daughter, the next day.

Additionally, as defendant acknowledges in his brief on appeal, the witnesses provided conflicting testimony regarding whether Marquis was armed and posed a threat to defendant, Ballard, and her daughter at the time of the shooting. Marquis' family and friends testified that

---

[3] It is noteworthy that it seems highly probable, based on Ballard's statements on the record, that instructions from the defense may have influenced her decision to send her daughter to school on the third day of trial.

he was unarmed, while defendant and Ballard both testified that Marquis pointed a rifle toward them before defendant shot him. Accordingly, the discrepancy between the witnesses' testimony was readily apparent to the jury, and defendant offers nothing more than speculation to support his claim that cumulative testimony from Ballard's daughter would have buttressed his defense and influenced the jury's credibility determinations. Further, the record suggests that the jury may have attributed little weight to testimony from Ballard's daughter, as her credibility already had been indirectly impeached by evidence of defendant's phone calls with Ballard, during which he stated that they all needed to be "on the same page" and instructed Ballard to talk to her daughter.

Thus, defendant has failed to demonstrate that defense counsel's performance constituted ineffective assistance of counsel. See *Vaughn*, 491 Mich at 669-671.

## IV. CONCLUSION

Defendant has failed to establish that any of his claims on appeal warrant relief.

Affirmed.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Riordan

-7-